# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR76 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PIMENIO VELA HERRERA, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 25) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 15) filed by the Defendant, Pimenio Vela Herrera, be denied. Herrera filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 32, 33) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

The Defendant is charged in a one-count Indictment with conspiring to attempt to manufacture, and to manufacture, actual methamphetamine. He seeks to suppress evidence seized and statements made following his September 24, 2010, detention and arrest.

Following an evidentiary hearing, Judge Thalken issued a written Findings and Recommendation. Judge Thalken concluded: the Defendant has standing to contest the search of the Sweetwater Street address in Alliance, Nebraska; the *Terry* stop was supported by reasonable suspicion; the Defendant's arrest was supported by probable cause; the search warrant affidavit contained sufficient probable cause and, in any event the *Leon* good faith exception would apply; and the Defendant's statement was not a "fruit of the poisonous tree." Judge Thalken therefore recommends that the motion to suppress be denied.

The Defendant objects to the Findings and Recommendation, arguing: reasonable suspicion did not support the initial stop or detention; probable cause did not support the Defendant's arrest; the Defendant's statement should be suppressed as fruit of the poisonous tree; the search warrant affidavit did not include sufficient probable cause; and the *Leon* good-faith exception should require suppression of the evidence.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided an account of the relevant events. The Court has considered the transcript of the hearing conducted by Judge Thalken and carefully viewed the evidence. There are no objections to Judge Thalken's factual findings, and based on a de novo review of the record the Court adopts those factual findings.

## ANALYSIS

*Detention*

Officers of the Alliance Police Department were looking for a male wearing a green hooded sweatshirt who had just committed an assault with a two-by-four and fled the scene. Also, in the neighborhood in which officers were patrolling in the middle of the night numerous robberies and car break-ins had been occurring. Therefore, when Officer

2

Peterson saw two men, one of whom was later identified as the Defendant, and the other as Oscar Herrera, in the neighborhood wearing green hooded sweatshirts and carrying objects, reasonable suspicion existed to support the stop of the individuals. *United States v. Smith,* No. 10-3454, 2011 WL 3366393, at *3 (8th Cir. Aug. 5, 2011).

The Defendant argues that Officer Peterson had only a "generalized reason" for the stop. Under the facts, the Court disagrees. Recent events in the neighborhood, the commission of an assault by a man wearing the same type and color of sweatshirt as the two men, and the fact that the men were carrying items, are particular facts that supported the officer's reasonable suspicion. *United States v. Peoples,* 925 F.2d 1082, 1086 (8th Cir. 1991) (reasonable suspicion existed when officers saw individuals matching the descriptions of suspicious persons).

### *Arrest*

Officer Peterson told the two men to stop and announced that he was a police officer. The two men ran. The Defendant came back, but went toward the entrance of a house on East Sixth Street. In his objections, the Defendant argues that he walked toward Officer Peterson "in compliance with his commands." (Filing No. 33, at 4.) That argument mischaracterizes the testimony. According to the testimony, the Defendant was approaching a residence, not the officer. Between that house and a neighboring house were objects in the grass suspiciously not covered with dew as was the surrounding grass. The objects appeared similar to those carried by one of the men earlier. These facts, together with the officer's knowledge about methamphetamine manufacturing gained through his training and experience, supported the Defendant's arrest. *United States v. Mendoza,* 421 F.3d 663, 667 (8th Cir. 2005) (in determining probable cause for an arrest,

officers may rely on their specialized experience and "'draw reasonable inferences of criminal activity from circumstances that the general public may find innocuous'").

### *Statements*

Because the Defendant's stop, detention, and arrest were lawful, the Defendant's statements do not fall under the fruit of the poisonous tree doctrine set out in *Wong Sun v. United States,* 371 U.S. 471, 484-88 (1963). *United States v. Granados,* 596 F.3d 970, 974 (8th Cir. 2010).

### *Search Warrant Affidavit; Probable Cause*

First, The Defendant argues that the search warrant affidavit lacked probable cause because it included no information regarding the reliability of the informant, Oscar Herrera ("Oscar"). The Defendant also argues that Oscar did not demonstrate reliability or veracity to law enforcement. The search warrant affidavit states that after waiving his *Miranda* rights, Oscar told Officer Bryner that he had cooked methamphetamine with the Defendant four days earlier at a house owned by "John," and he provided the specific address on 6th Street. Officer Bryner verified that the house in question was owned by John Carlos Corson. Oscar also told Officer Bryner that after cooking methamphetamine he and Defendant disposed of items at a specific address on Sweetwater Street, burning most of the items in a fireplace in the garage at that address. Oscar said he thought some items including Coleman fuel cans were still at the Sweetwater Street address. Officer Bryner knew through his training and experience that Coleman fuel cans are one item used in the manufacture of methamphetamine.

The Defendant also argues that there was no "clear nexus" between the items found on the lawn and the two men. The Court disagrees. As stated in the affidavit, among the

4

items was a black nylon lunch-type cooler bag that had been carried by one of the men when they were first spotted.

*Leon Good-Faith Exception*

While the Court finds a *Leon* analysis unnecessary, if probable cause did not support the issuance of the search warrant the Court concludes that officers acted in good faith reliance on the search warrant and, therefore, the *Leon* good-faith exception to the exclusionary rule would apply. *United States v. Leon,* 468 U.S. 897, 922-23 (1984).

## CONCLUSION

For the reasons stated, the Court concludes that the Defendant's objections to the Findings and Recommendation are denied.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 25) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 32) are overruled; and

3. The Defendant's motion to suppress (Filing No. 15 ) is denied.

DATED this 11th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge