IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:11CR43 |
| vs. | ) | ORDER |
| JUANITA HERRERA, | ) | |
| Defendant. | ) | |

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:11CR76 |
| vs. | ) | ORDER |
| PIMENIO VELA HERRERA, | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motions for a joint trial (Filing No. 135 in 8:11CR43; and Filing No. 37 in 8:11CR76) and the government's motions to continue trial (Filing No. 134, as amended by Filing No. 139, in 8:11CR43; and Filing No. 36, as amended by Filing No. 39, in 8:11CR76). The court held a conference with counsel on August 24, 2011. Assistant U.S. Attorney Justin C. Dawson appeared for the United States, Beau G. Finley appeared for the defendant Pimenio Vela Herrera, and Donald L. Schense appeared by telephone for the defendant Juanita Herrera. At the requests of defense counsel, both defendants were excused from attending the conference.

**Motions for Joint Trial**

The government seeks to try both defendants in a single trial pursuant to Fed. R. Crim. P. 13 which provides as follows:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Both defendants object to the joinder of their Indictments for trial.

Juanita Herrera is charged in her Indictment as follows:

> COUNT I
>
> From on or about September, 2009, through on or about September 24, 2010, in the District of Nebraska, OSCAR HERRERA, JOHN CORSON, MIRANDA RUIZ, EVELINDA HINOJOSA, and JUANITA HERRERA, Defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to attempt to manufacture and manufacture a substance containing 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1).
>
> In violation of Title 21, United States Code, Section 846.
>
> COUNT II
>
> From on or about September, 2009, through on or about September 24, 2010, in the District of Nebraska, OSCAR HERRERA, JOHN CORSON, MIRANDA RUIZ, EVELINDA HINOJOSA, and JUANITA HERRERA, Defendants herein, possessed Pseudoephedrine, a list I chemical, with the intent to manufacture actual methamphetamine, a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Section 841(c)(1), and in violation of Title 21, United States Code, Section 846.

**See** [Filing No. 20](#) in 8:11CR43.

Pimenio Vela Herrera is charged in his Indictment as follows:

> COUNT I
>
> From on or about September, 2009, through on or about September 24, 2010, in the District of Nebraska, PIMENIO VELA HERRERA, a/k/a Manuel Herrera, Defendant herein, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons both known and unknown to the Grand Jury, to commit the following offenses against the United States: attempt to manufacture and manufacture a substance containing 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1).
>
> In violation of Title 21, United States Code, Section 846.

**See** Filing No. 1 in 8:11CR76.

The government asserts both defendants are part of the same conspiracy to manufacture methamphetamine and the cooperating defendants in 8:11CR43, i.e., Oscar Herrera, John Corson, Miranda Ruiz, and Evalinda Hinojosa, are prepared to testify to that effect during trial. Further, while Juanita Herrera has made statements implicating Pimenio Vela Herrera, the government is prepared to redact the statements or eliminate them from its proof at trial to avoid any undue prejudice. Juanita Herrera and Pimenio Vela Herrera claim each will be prejudiced by a joint trial. Juanita Herrera claims the prejudice to her will be by comparison of an alleged minor participant with that of an alleged more culpable participant and instructions to the jury would not alleviate the undue prejudice. Pimenio Vela Herrera claims evidence against Juanita Herrera, principally her statement to law enforcement officers, would unduly prejudice him in a joint trial.

The court finds the charges against each defendant could have been brought in a single Indictment as they arise from an alleged single conspiracy and would have been properly joined under Fed. R. Crim. P. 8(b). Furthermore, the court can properly instruct the jury so as to have the jury consider each defendant's guilt or innocence in the charges. The court further finds the court can limit any statement made by Juanita Herrera either by redaction or exclusion to avoid any difficulty with *Bruton v. United States*, 391 U.S. 123 (1968). Joinder being proper in this case, a joint trial of the same conspiracy is preferred. *United States v. Flores,* 362 F.3d 1030, 1039 (8th Cir. 2004). The government's motions for a joint trial will be granted.

### Motions for Trial Continuance

The government seeks to continue the trial of each defendant (now individually set for September 20, 2011) because of a prosecutor's schedule conflict. Juanita Herrera joined in the motion to continue. Pimenio Vela Herrera objected to the motion to continue. The court finds the motion to continue should be granted and will schedule a joint trial before Judge Laurie Smith Camp and a jury to commence on October 4, 2011. The court further finds the time between September 20, 2011, and October 4, 2011, should be excluded from computations under the Speedy Trial Act. Accordingly,

**IT IS ORDERED**:

1. The government's motions for a joint trial (Filing No. 135 in 8:11CR43; and Filing No. 37 in 8:11CR76) are granted.

2. The government's motions to continue trial (Filing No. 134, as amended by Filing No. 139, in 8:11CR43; and Filing No. 36, as amended by Filing No. 39, in 8:11CR76) are granted and the joint trial of these cases shall commence before Judge Laurie Smith Camp and a jury in Courtroom No. 2, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **on October 4, 2011**, at the call of the court.

3. The ends of justice have been served by granting such motion to continue and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., the time between **September 20, 2011, and October 4, 2011,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason additional time is needed to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 25th day of August , 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge