# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR76 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PIMENIO VELA HERRERA, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Pimenio Vela Herrera. (Filing No. 70.) Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Pursuant to Rule 4(b), the Court has conducted an initial review of the motion. For the reasons stated below, it appears plainly from the face of the motion and the record that Defendant is not entitled to relief, and therefore the motion will be summarily dismissed.

## BACKGROUND

On March 23, 2011, the government filed a single-count Indictment against Defendant, in which he was charged with a violation of 21 U.S.C. § 846, conspiracy to manufacture 5 grams or more of methamphetamine. (Filing No. 1.) On April 18, 2011, Defendant filed a motion to suppress evidence. (Filing No. 15.) A hearing on the motion was held, after which Magistrate Judge Thomas D. Thalken recommended that the motion

be denied. (Filing No. 25.) Defendant filed objections to Judge Thalken's recommendation. (Filing No. 32.) On August 11, 2011, the Court overruled the objections and adopted Judge Thalken's recommendation. (Filing No. 34.)

On October 3, 2011, Defendant entered a plea of guilty before the Court on Count I of the Indictment. (Filing No. 53.) At the plea hearing, Defendant was placed under oath and thereafter stated the following: he had never been under a doctor's care for mental illness; he had not had any alcohol or drugs in the last three days; he was not taking any prescription or nonprescription medication; there was not any medication that he was supposed to be taking; he was fully satisfied with the advice given to him by his attorney, Beau Finley; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Indictment; he understood the statutory penalties, including that he was subject to a five-year (60-month) mandatory minimum sentence and the maximum term of imprisonment was 40 years; he agreed that the terms of the plea agreement, as he understood them, included a provision in which it was stated that the parties recommend that he receive a sentence of 114 months; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed but would still be bound by, with no right to withdraw, his plea of guilty. Defendant also signed a plea agreement, which, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, stated that Defendant agrees to plead guilty to Count I of the Indictment and that the parties agree Defendant shall receive a sentence of 114 months. (Filing No. 56 at 4.) The plea agreement set forth the nature of the offense, the elements of the crime, and the statutory penalties of a maximum of 40 years and a mandatory minimum of five years imprisonment. (*Id.* at 1-2.) Finally, the plea agreement stated that

Defendant waives, among other things, his right to contest the conviction and sentence under 28 U.S.C. § 2255 except for ineffective assistance of counsel or prosecutorial misconduct. (*Id.* at 4.)

A presentence report was prepared that calculated Defendant's total offense level to be 33, criminal history category to be V, and guideline sentence range to be 210-262 months. (Filing No. 65.) The presentence report also noted that the relevant statutory sentencing provisions for Count I mandated a five-year minimum sentence and a maximum of 40 years imprisonment. (*Id.*) Defendant did not file objections to the presentence report. On January 18, 2012, Defendant was sentenced to a 114-month term of imprisonment and a five-year term of supervised release. (Filing No. 64.) Judgment was entered on January 19, 2012. (Filing No. 67.) Defendant did not file a direct appeal.

Defendant filed the instant § 2255 motion on January 3, 2013, wherein he raises two grounds for relief.[1] In Ground I, Defendant asserts that his attorney was ineffective because, due to an incomplete investigation of the law, he could have but did not object to the presentence report's "calculated points of the information and career offender before reduction for acceptance of responsibility." (Filing No. 70 at 10-11.) In Ground II, Defendant asserts that his attorney was ineffective due to the cumulative effect of: (1) his

---

[1] Defendant also asserts a third ground for relief, in which he generally states that his conviction and sentence are in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Filing No. 70 at 7-8.) However, this ground is not specifically supported in either the Statement of Claim section of his motion or in his Memorandum in Support of § 2255 Motion (Filing No. 72); therefore, it appears that the claim has been abandoned. Furthermore, to the extent it has not been abandoned, the Court finds that Defendant waived his ability to bring such a claim in his plea agreement. (Filing No. 56 at 4-5.) Finally, since this claim was not first raised in a direct appeal, it is procedurally barred. *See Boyer v. United States*, 988 F.2d 56, 57 (8th Cir. 1993) (finding that a motion brought pursuant to § 2255 "is not a substitute for a direct appeal").

failure to advise Defendant regarding the facts and law relevant to his decision to plead guilty; (2) his failure to prevent Defendant from pleading guilty while on narcotics administered by the county jail; (3) his failure to move to suppress evidence; (4) his failure to move for dismissal of the Indictment; (5) his failure to move for a determination of Defendant's mental competency; and (6) his failure to resolve an actual conflict. (*Id.* at 11-14.)

## DISCUSSION

Defendant asserts claims of ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*.

**Ground I**

With regard to Ground I, it appears that Defendant argues that his attorney failed to investigate and object to the presentence report's finding that he is a career offender. An attorney may be found ineffective for failing to object at sentencing. *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (finding that the defendant's counsel's error was so serious "that it deprived [the defendant] of a fair sentence"). However, counsel is not obligated to make an objection without basis in law or fact. *Carter v. Hopkins*, 92 F.3d 666, 671 (8th Cir. 1996) (finding it objectively reasonable not to make a meritless

4

objection). In this case, Defendant's total offense level was calculated as follows: a base offense level of 30 due to the drug quantity; a two-level increase for unlawful transportation, treatment, storage, or disposal of hazardous waste; and a four-level increase for being the main participant in the conspiracy. Defendant fails to demonstrate how an investigation into or objection concerning the career offender section of the Guidelines would have been fruitful, and the Court finds that it was reasonable for counsel to forego such an investigation and objection. Therefore, Defendant cannot satisfy the first prong of the *Strickland* analysis. Furthermore, the Court notes that Defendant was not prejudiced by the plea agreement, in which the parties agreed to a sentence of 114 months. Rather, because Defendant would otherwise have faced a guideline range of 210-262 months, counsel negotiated an agreement that constituted a significant benefit to Defendant. Defendant cannot satisfy either prong of the *Strickland* test with respect to this claim, and it will therefore be summarily dismissed.[2]

**Ground II**

Defendant, in Ground II, submits a list of reasons why his counsel was ineffective. First, Defendant generally states that his attorney failed to advise him regarding the facts and law relevant to his decision to plead guilty. However, the transcript of the change of plea hearing and the record demonstrate that his counsel and the Court adequately apprised him of the consequences of pleading guilty.

---

[2] Defendant appears to assert Ground I pursuant to U.S.S.G. § 4B1.1. (Filing No. 70 at 10.) If Defendant intended to assert Ground I because two criminal history points were added pursuant to U.S.S.G. § 4A1.1(d), the Court notes that even without this addition he would still have fallen into criminal history category V. Therefore, Defendant's sentence of 114 months is well below the calculated range of 210-262 months. Assuming counsel failed to investigate the addition of these two criminal history points, Defendant suffered no prejudice.

Additionally, Defendant states that his attorney failed to prevent him from pleading guilty while on narcotics administered by the county jail, and further failed to move for a determination of his mental competency. However, Defendant stated under oath that he had never been treated for mental illness, and that he had not been taking drugs, alcohol, or prescription medication before the plea hearing. The Court evaluated Defendant's demeanor and noted no irrational, bizarre, or volatile behavior, and Defendant's behavior did not suggest mental deficiency or low intelligence. Rather, after observing Defendant's demeanor, the Court found that Defendant was competent to proceed with the hearing. Defendant has offered no evidence to show that he indicated to his defense counsel that he could not proceed with his guilty plea because of a mental health condition, nor does the record establish that counsel had, or should have had, any reason to believe Defendant was unable to proceed due to a mental health condition.

Defendant also states that his attorney was ineffective because he failed to move for suppression of evidence. However, this reason is without basis in fact. Defendant's attorney did file a motion to suppress evidence, argued that motion at a hearing, and then filed objections to Judge Thalken's recommendation that the motion to suppress be denied.

Next, Defendant states that his attorney was ineffective because he failed to move for dismissal of the Indictment. Defendant argues that, because he was in Tulsa, Oklahoma, for a portion of the time encompassed by the time frame set forth in Count I, "there is no possible way that [Defendant] could have been conspiring with others for the whole year of '2009' or through August of '2010.'" (Filing No. 70 at 12.) However, at the plea hearing, Defendant stated under oath that he agreed to the factual basis for the plea, including that in Alliance, Nebraska, several individuals would provide Defendant with

pseudoephedrine and that Defendant would then turn the pseudoephedrine into methamphetamine.

Finally, Defendant generally states that his attorney represented Defendant under an actual conflict of interest (without offering any specific indication of the conflict). However, Defendant's sworn testimony that he was fully satisfied with the advice given to him by his attorney belies his blanket statement that his attorney labored under a conflict of interest.

Defendant's own sworn statements and the record do not support his claim that his attorney was ineffective, and none of the above stated reasons individually, or cumulatively, can satisfy either prong of the *Strickland* test. As Defendant cannot satisfy either prong of the *Strickland* test with respect to this claim, it will be summarily dismissed.

## CONCLUSION

For the reasons discussed above, the Court finds that Defendant cannot prove either prong of the *Strickland* test with respect to Grounds I or II. Accordingly, it plainly appears from the record that Defendant is not entitled to relief, and therefore his § 2255 motion will be summarily dismissed.

Accordingly, IT IS ORDERED:

1. The Court has completed the initial review of Defendant Pimenio Vela Herrera's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Filing No. 70);

2. Upon initial review, Defendant's § 2255 motion is summarily dismissed;

3. Defendant's motion for leave to proceed in forma pauperis (Filing No. 71) and motion for appointment of counsel (Filing No. 73) are denied as moot;

4. A separate Judgment will be issued dismissing the § 2255 motion; and

5. The Clerk shall mail a copy of this Memorandum and Order to Defendant at his last known address.

DATED this 31st day of January, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge